LANDRÓN *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a Decision of the Registrar of Property of San Juan.

No. 50.—Decided June 17, 1910.

SALE OF PROPERTY BELONGING TO THE SURVIVING SPOUSE—DECLARATION OF THE HEIRS OF THE DECEASED SPOUSE.—A surviving spouse having sold property acquired during her marriage with the deceased spouse, but belonging exclusively to her, the declaration made by the heirs of the deceased spouse in a

deed of repudiation of inheritance, presented at the registry, wherein they accept the aforesaid character of the property sold, is sufficient for the purposes of the record of such sale in the registry.

ID.—DEED OF REPUDIATION OF INHERITANCE—CLASSIFICATION OF TITLES—DEPOSITION OF THE HEIRS OF THE DECEASED SPOUSE.—Upon presenting at the registry of property a deed of repudiation of inheritance, executed by the heirs of a deceased spouse, which also contains their declaration to the effect that certain property acquired by the surviving spouse during her marriage, belonged to her exclusively, in order that the sale thereof by the surviving spouse might be recorded, the registrar should confine himself, for the classification of the document, to an examination of the validity of the declaration made by the heirs and not to the effectiveness or ineffectiveness of the repudiation of the inheritance.

ID.—INTERVENTION OF THE CREDITORS OF THE DECEASED SPOUSE WHO HAD BEEN DECLARED A BANKRUPT.—It is not necessary that the creditors of the deceased spouse, who had been declared a bankrupt, should intervene in a deed of sale of property acquired by the surviving spouse during her marriage, but belonging exclusively to her, since there is no evidence that the creditors had seized or sought to seize the property; and possibly their action had extinguished, or such rights as they might have possessed, had prescribed.

ID.—DECLARATION MADE BY THE FATHER ON BEHALF OF HIS CHILDREN.—A deed of repudiation of inheritance and recognition of rights, executed by the father on behalf of his children, acknowledging that they had no share in the alienated estate, having been presented at the registry, it is not necessary that he should make the declaration in his own right, as in the aforesaid deed he implicitly acknowledges also that personally he had no right therein.

The facts are stated in the opinion.

The appellant did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The deed of purchase and sale of an urban estate, executed by Joaquina Landrón Córdova in favor of Francisco Ponte y Jiménez, on March 19, 1909, before Notary Julio César González, having been presented for record at the Registry of Property of San Juan, admission thereof was refused by the registrar for the following reasons:

. "Admission to record of the foregoing document is withheld, in view of the other probatory papers accompanying the same, on account of the following incurable defects:

"Because the estate, the remainder whereof is alienated, was acquired by the vendor during her marriage with Justo Skerret, and must, therefore, be considered as conjugal-partnership property, according to section 1322 of the Civil Code, until it is proven that it

belongs exclusively to her; and the deposition of the descendants of said deceased spouse appearing in the accompanying deeds executed September 6 and 12, 1904, before Notary Juan de Guzmán Benítez, cannot be admitted as such proof, owing to their lack of capacity to continue the judicial personality of said decedent, Justo Skerret; for although they have been judicially declared his intestate heirs, in these very deeds wherein they testify that the aforesaid property, together with others, had been acquired by the vendor with money belonging exclusively to her, said heirs repudiate the inheritance of their ascendant. This repudiation conflicts with and nullifies the testimony given by them in their capacity as such heirs, a partial acceptance and a partial repudiation of the hereditary right, resulting from acts so contradictory, is prohibited by section 957 of aforesaid Code.

"Because even in the supposition that owing to the ineffectiveness of the aforesaid repudiation, the signers of the above-mentioned deposition had sufficient capacity to continue the judicial personality of Justo Skerret, it appears from the aforesaid deeds that the latter had been declared a bankrupt, and that he died under the effects of the civil interdiction produced by such declaration; wherefore in any event it would devolve upon the creditors of Justo Skerret, and not upon his heirs, to exclude from the conjugal partnership, and, therefore, from the bankrupt estate, the property in question, said creditors being the successors in interest to the estate of the bankrupt, and such exclusion would be prejudicial to them in the first place, and not to the heirs, whose rights are subordinate to the outcome of the meeting of creditors.

"Because Pedro Gandía Córdova, surviving spouse of María Anselma Natividad Skerret, daughter of aforesaid Justo Skerret, who died after the latter, being her heir as to his vidual portion, as appears from the declaration of heirs made by said decedent and which has been examined, does not authorize in his own right the deposition resulting from the above-mentioned deeds.

"And a cautionary notice has been taken in lieu of the record, to have effect during four months, on folio 72, reverse side, of volume 31 of this municipality, estate No. 318, duplicate, entry letter A. San Juan, Porto Rico, March 8, 1910. José S. Belaval, Registrar."

To the deed of purchase and sale, which was refused admission to record, were joined the following documents:

(*a*) Declaration of heirs of Justo Skerret Marrero, made

by the District Court of San Juan on August 25, 1904, in favor of his children had by his marriage with Joaquina Natividad Landrón y Córdova, named María Trinidad, Carmen Francisca, Manuel Ricardo, Monserrate Ramona, Angela Eugenia, Juana Carolina, Inés Francisca, Georgina Enriqueta, and Enriqueta Saturnina, and in representation of María Anselma Natividad, deceased, her successors and heirs, the rights of the widow being reserved;

(*b*) Declaration of heirs of María Anselma Natividad Skerret y Landrón, made by the District Court of San Juan on August 25, 1904, in favor of her children had by her marriage with Pedro Gandía y Córdova, named Pedro Justo, Margarita Natividad, Justo Ramón Carlos, and Miguel Angel Joaquín, the rights of the widower being reserved;

(*c*) Deed of special agency, executed by Manuel Ricardo Skerret to Ramón Alberto Nadal, on August 24, 1904, before Notary Juan de Guzmán Benítez;

(*d*) Deed of repudiation of inheritance and recognition of rights, executed by Joaquina Landrón Córdova, María, Carmen, Monserrate, Angela, Juana, Inés, Georgina, and Manuel Skerret y Landrón, the latter through his attorney in fact, Nadal, on September 6, 1904, before Notary Juan de Guzmán Benítez. In said deed, it is stated by the signers thereof, among other particulars, that the properties mentioned therein, one of which was that sold by deed of March 19, 1909, "were acquired, as already stated, with money proceeding from property belonging exclusively to Natividad Joaquina Landrón y Córdova, but owing to the latter's failure to make the proper statement in due time, said property appears as having been acquired during her marriage with Justo Skerret y Marrero." The solemn declaration is also made therein by all the parties, except Natividad Joaquina, that "they know it to be a certain and positive fact that their father, Justo Skerret y Marrero, owing to his having been declared a bankrupt, had no property of his own, and that the three estates

hereinbefore described were acquired by Natividad Joaquina Landrón y Córdova with money belonging exclusively to herself. In virtue of the foregoing solemn statement, the aforesaid parties declare their willingness that a marginal note be attached to the records of said estates, to the end that Natividad Landrón y Córdova may freely dispose of them as their sole and exclusive owner." And, lastly: "All the parties appearing declare in the most solemn manner, and in accordance with statements previously made, their determination to repudiate the inheritance of Justo Skerret y Marrero, which they once more renounce, thereby fixing the only scope to be given to the aforesaid declaration of inheritance."

Said deed was, in fact, entered in the Registry of Property of San Juan, without any difficulty it would seem, on March 27, 1905;

(*e*) Order of the District Court of San Juan, dated September 12, 1904, naming Pedro García y Córdova as guardian for the infant, Enriqueta Saturnina Skerret y Landrón, and authorizing him to join in the execution of a deed of repudiation of inheritance and recognition of rights, similar to that of September 6, 1904, letter (*d*), in behalf of said infant and as the representative of his aforesaid four minor children;

(*f*) Deed of repudiation of inheritance and recognition of rights, executed by Pedro Gandía and Joaquina Natividad Landrón, on September 12, 1904, before Notary Juan de Guzmán Benítez, likewise recorded in the registry of property since March 27, 1905.

Upon an examination of the aforesaid documents and of the deed presented for admission to record at the registry, the conclusion is easily reached that the decision of the registrar is not just.

The principal object of the deeds executed on September 6 and 12, 1904, by the heirs of Justo Skerret, judicially declared as such, was to make known that certain property acquired by Natividad Landrón, during her marriage with Skerret, belonged to her exclusively, and the classification of the regis-

trar should not deal with the effectiveness or ineffectiveness of the repudiation, but with the validity of the declaration. Skerret having died, the only persons who could oppose a notice in the registry declaring that the properties in question belonged exclusively to Mrs. Landrón were his heirs. In order to meet and elucidate the case, it was necessary to determine with absolute accuracy who were the heirs, and having resorted to a court of justice for that purpose, the declaration was made. And the acknowledged heirs—that is, those who might have had some right—solemnly declared that, to their certain knowledge, the estates belonged exclusively to Mrs. Landrón. That is all.

It is not necessary, in our opinion, that the creditors of the deceased should have intervened in the deed, despite the fact that Skerret had been declared a bankrupt; since it does not appear that the estates in question had been seized or that their seizure had been sought by the creditors; and possibly their action had extinguished, or such rights as they may have possessed had prescribed.

Nor is it necessary that Pedro Gandía should have made the declaration in his own right, for in acknowledging on behalf of his children that they had no share in the estate in question, he also implicitly acknowledged that personally he had no right therein.

Moreover, the very documents presented would seem to show that one of the estates similarly situated to that mentioned in the deed whose record the registrar has now refused, was sold by Mrs. Landrón and its sale recorded without any difficulty in the same Registry of San Juan since the year 1905.

The decision should be reversed and the registrar ordered to enter the record applied for.

*Reversed.*

Chief Justice Hernández and Justices MacLeary and Wolf concurred.

Mr. Justice Figueras did not sit at the hearing of this case.